|  |  |
|---|---|
| CHARLES A. EDWARDS,<br><br>            Plaintiff,<br><br>    v.<br><br>CORTER, *et al.*,<br><br>            Defendants. | Case No.  2:23-cv-02868-JDP (PC)<br><br>**ORDER**<br><br>FINDING THAT THE COMPLAINT FAILS TO MEET FEDERAL PLEADING STANDARDS AND GRANTING LEAVE TO AMEND<br><br>ECF No. 1<br><br>**ORDER**<br><br>GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DENYING REQUEST FOR SETTLEMENT<br><br>ECF Nos. 9 & 11 |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff brings this action against defendants Corter, Linquest, and Williams, all correctional officers at California State Prison, Sacramento, and alleges that they subjected him to excessive force. ECF No. 1 at 3-5. The complaint, however, is difficult to understand and, for the reasons stated below, does not meet federal pleading standards. I will give plaintiff leave to amend to better articulate his claims. I will also grant his application to proceed *in forma pauperis*, ECF No. 9, and deny his request for a settlement conference, ECF No. 11.[1]

---

[1] Plaintiff's incomplete application to proceed *in forma pauperis*, ECF No. 2, is denied as

1

**Screening Order**

**I.     Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

---

moot in light of plaintiff's application at ECF No. 9, which has been granted by this order.

**II.     Analysis**

Plaintiff alleges that the defendants used excessive force against him. His complaint, however, does not intelligibly describe the incident or how each defendant participated in the alleged violation of his rights. As it stands, the complaint fails to meet federal pleading standards insofar as it does not provide adequate notice to each defendant of the allegations against him or her. *See Ahmadi v. Nationstar Mortg., LLC*, No. SACV 16-0062 AG (JCGx), 2016 U.S. Dist. LEXIS 45904, *5-6 (C.D. Cal. Mar. 31, 2016) (a complaint is non-compliant with federal pleading standards if it does not indicate which defendant is responsible for which wrongful act).

Plaintiff may file an amended complaint that remedies this deficiency. He is advised that the amended complaint will supersede the current complaint. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). The amended complaint should be titled "Amended Complaint" and refer to the appropriate case number.

**Request for Settlement Conference**

Also pending is plaintiff's request for a settlement conference, wherein he indicates that he has already consented to magistrate judge jurisdiction and would like to go to court and settle this case. This request is denied without prejudice as premature. Settlement negotiations may be entertained only once screening is completed and at least one defendant has been served.

Accordingly, it is ORDERED that:

1. Within thirty days from the service of this order, plaintiff must file an amended complaint that complies with this order. If he fails to do so, I will recommend that this action be dismissed.

2. The Clerk of Court shall send plaintiff a section 1983 complaint form with this order.

3. Plaintiff's application to proceed *in forma pauperis*, ECF No. 9, is GRANTED.

4. Plaintiff's request for settlement, ECF No. 11, is DENIED as premature.

IT IS SO ORDERED.

Dated:     May 7, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE