UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES A. EDWARDS,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>CORTER, *et al.*,<br><br>　　　　　　　Defendants. | Case No.  2:23-cv-2868-TLN-JDP (P)<br><br>ORDER |

　　　　Plaintiff brought this action against defendants Corter, Linquest, and Williams, all correctional officers at California State Prison, Sacramento, and alleged that they subjected him to excessive force. ECF No. 16 at 3-5. On September 5, 2024, I directed service on these defendants. ECF No. 18. The summonses were returned unexecuted, since the U.S. Marshal required additional identifying information to effect service. ECF No. 25.

　　　　On December 19, 2024, I informed plaintiff of this issue. ECF No. 29. I ordered plaintiff to provide, within twenty-one days, additional identifying information as to defendants "Linquest/Lindquist," "Sergeant Corter," and "S. Williams." *Id.* at 2. I warned plaintiff that his failure to provide additional information could result in the action being dismissed for failure to prosecute. *Id.*

Since my December 2024 order, plaintiff has lodged nine filings. *See* ECF Nos. 30-38. In five motions, he states that he is ready to settle this case. ECF Nos. 30, 33-38. In two, he states that the court could identify defendants if it subpoenaed a video tape of the alleged incident. ECF Nos. 31 & 32. In another, he asserts that he does not understand how defendants have yet to be identified. ECF No. 37. In his most recent filing, he asks the court whether we have identified defendants, and he "accepts" that Lindquist has been identified. ECF No. 38.

Plaintiff's filings do not comply with my prior order directing *plaintiff* to provide additional identifying information for defendants "Linquest/Lindquist," "Sergeant Corter," and "S. Williams." As I previously informed plaintiff: (1) there are two officers named Corter at California State Prison-Sacramento, both of whom hold the rank of sergeant; (2) there is no officer named Linquest, as plaintiff has spelled the name in his complaint, but there is an officer named Lindquist; and (3) there is no officer named Williams with the first initial of "S" at the prison. *See* ECF No. 29. At most, plaintiff acquiesces to Lindquist's identification, but I will not assume plaintiff's intent. Plaintiff must provide additional information so that service may be effected on the correct Sergeant Corter, explicitly confirm if Officer Lindquist—not Linquest—is the officer whom he is accusing of wrongdoing, and provide additional information identifying "S. Williams," as it does not appear that an officer named "S. Williams" works at the prison.

Accordingly, it is hereby ORDERED that within twenty-one days of this order's entry, plaintiff must provide additional information as to these defendants. Plaintiff must understand it is his obligation to identify the proper defendants. Should plaintiff not provide additional identifying information, this action will be dismissed for failure to prosecute.

IT IS SO ORDERED.

Dated:   April 28, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

2