UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES A. EDWARDS,

Plaintiff,

v.

CORTER, *et al.*,

Defendants.

Case No.  2:23-cv-2868-TLN-JDP (P)

FINDINGS AND RECOMMENDATIONS

Defendant Lindquist filed a motion to dismiss or, in the alternative, for a more definite statement on February 17, 2026.  ECF No. 50.  Plaintiff did not respond to the motion and, on April 29, 2026, I ordered him to show cause why this action should be dismissed for failure to prosecute.  ECF No. 51.  I informed him that, if he wished to continue this action, he was obligated to file either an opposition or statement of non-opposition to defendant's motion within twenty-one days.  *Id.* at 2.

On May 22, 2026, plaintiff filed a response to my order.  ECF No. 52.  That response is comprised of two pages (one of which is a cover page) that do nothing more than briefly restate his excessive force allegations against defendants Lindquist, Corter, and Williams.  *Id.* at 2.  It does not address defendant's motion to dismiss and cannot, under even the most liberal standard, be deemed an opposition (or statement of non-opposition) to the motion.

1

Accordingly, I now recommend that this action be dismissed for failure to prosecute and failure to follow court orders. The court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal. *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000); *see* Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."). A court may dismiss an action based on a party's failure to prosecute, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In recommending that this action be dismissed for failure to comply with court orders, I have considered "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik*, 963 F.2d at 1260-61 (citation omitted).

Petitioner has failed to comply with my order directing him to respond to defendant's motion to dismiss. ECF No. 51. I warned him that this lawsuit could proceed only if he did so. *Id.* at 2. The public interest in expeditious resolution, the court's need to manage its docket, and the risk of prejudice to defendant all support imposition of the sanction of dismissal. Lastly, the court's warning to petitioner that failure to obey court orders will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132-33; *Henderson*, 779 F.2d at 1424. Petitioner has had adequate warning that dismissal could result from his noncompliance. I find that the balance of factors weighs in favor of dismissal. Plaintiff shall have a final opportunity to explain why this action should proceed in any objections he files to these recommendations.

Accordingly, it is RECOMMENDED that:

1.    This action be DISMISSED without prejudice for failure to comply with court orders and failure to prosecute for the reasons set forth in the April 29, 2026 order.  ECF No. 51.

2.    Defendant's motion to dismiss, ECF No. 50, be DENIED as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    June 11, 2026                                 _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3